UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>WILLIAM ADAM BINGHAM )| No. 3:08-00058<br>JUDGE HAYNES |

### PETITION TO ENTER A PLEA OF GUILTY

I, William Adam Bingham, respectfully represent to the Court as follows:

(1) My true full name is William Adam Bingham. I was born in 1983 and I am 25 years old and completed 18 years of formal education.

(2) My appointed lawyer is Caryll S. Alpert.

(3) I have received a copy of the Indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the Indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the Indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the maximum statutory penalty for the offense with which I am charged is: **Not more than thirty (30) years imprisonment; a $250,000 fine; any term of years or lifetime supervised release to follow any term of imprisonment; and a mandatory $100 special assessment. In addition, a statutory mandatory minimum of five years also applies to the offense with which I am charged.**

I understand that terms of imprisonment for convictions on more than one count may be ordered to run concurrently or consecutively with each other.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One

consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. **My lawyer estimates that my guideline range will be 46-57 months imprisonment, which includes a reduction for acceptance of responsibility; however, my lawyer also advises that a 60 month mandatory minimum sentence applies in my case and will apply even if my guideline range is lower than 60 months.** I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.] I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the

Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked her/him to do, and has reviewed with me the discovery material provided by the Government. I am satisfied with her/his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: **Guilty to the Indictment**.

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the Federal Rules of Criminal Procedure. **The full agreement is set forth in the attached document titled "Plea Agreement."**

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

3

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the 15 day of September, 2008.

*Adam Bingham*
WILLIAM ADAM BINGHAM
Defendant

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

*S. Carran Daughtrey*
S. CARRAN DAUGHTREY
Lawyer for Government

4

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for William Adam Bingham, hereby certifies as follows:

(1) I have read and fully explained to Mr. Bingham all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by Mr. Bingham in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of Mr. Bingham this _15th_ day of _Sept_, 2008.

CARYLL S. ALPERT
Lawyer for Mr. Bingham

5

# **O R D E R**

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of her/his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this ___ day of _____, 2008.

_____
WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:08-CR-00058 |
| v. | ) | Judge Haynes |
| | ) | |
| WILLIAM ADAM BINGHAM | ) | |

## PLEA AGREEMENT

The United States of America, through Edward M. Yarbrough, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney S. Carran Daughtrey, and defendant, William Adam Bingham, through defendant's counsel, Caryll Alpert, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the indictment in this case with Attempt to Induce Minor to Engage in Illegal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b).

2. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the indictment, charging Attempt to Induce Minor to Engage in Illegal Sexual Activity. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Penalties

4. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties: a minimum sentence of five (5) years and a maximum sentence of thirty (30) years; a fine of up to $250,000; and a special assessment of $100. The authorized maximum term of supervised release is life.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:08-CR-00058.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

2

(b) If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

3

## Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

> Between on or about February 15, 2006 and on or about February 22, 2006, defendant William Adam Bingham, age twenty-two, used the screen name "adam92dubz" to communicate via an Internet instant messaging program with another individual using the screen name "nellybean92," who advised Bingham that she was a 13 year old female. In fact, "nellybean92" was an online persona created by a law enforcement officer.
>
> During the initial chat/communication on or about February 15, 2006, the discussion quickly became sexually explicit, at the instigation of Bingham, despite "nellybean92" declaring her young age. Bingham discussed having "nellybean92" meet him, bringing friends with her, and making specific plans to meet in order to engage in sexual activity. Bingham also transferred a digital photograph of an adult's erect penis to "nellybean92."
>
> In a subsequent online conversation on or about February 22, 2006, Bingham made online contact with "nellybean92" and discussed sexual activity and meeting for the purpose of engaging in sexual activity. "Nellybean92" again stated that she was thirteen years of age. Bingham, not deterred by her age, continued with the sexually explicit conversation by asking if she wanted to "try all that stuff," "don't u want to try all that first time finally," and "so when I get to your place u going to take it out then start suckign it." The plans included "nellybean92" calling Bingham on his cell phone and Bingham driving to the home of "nellybean92," located in Williamson County, Tennessee.
>
> At approximately 11:20 a.m. on February 22, 2006, a female law enforcement officer utilizing the undercover persona of "nellybean92" placed a phone call to Bingham's cell phone. Bingham told her that he was on his way to meet for sex and agreed to call back for more detailed directions as he approached the apartment. Approximately 25 minutes later, Bingham arrived at the apartment building. He had two condoms in a rear pocket of his jeans.
>
> The majority of the communication between Bingham and "nellybean92" was via a computer and an Internet-access device, a means or facility of interstate commerce.

4

Pursuant to Tenn. Code Ann. § 39-13-506, Statutory Rape is defined as the "sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim."

The contraband was located on a Tiger Systemax computer and Emachines desktop computer seized from 488 Lemont Drive, Apartment #E142, Nashville, Tennessee on or about February 22, 2006.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2005.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(C), on the following:

    (a) **Offense Level Calculations.**

    i. The base offense level for the count of conviction is 24, pursuant to U.S.S.G. § 2G1.3(a). An additional two levels are added, pursuant to U.S.S.G. § 2G1.3(b)(3)(A), because a computer or Internet access devise was used to

5

attempt to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct.

    ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

    iii. The parties agree that no additional upward or downward adjustments are appropriate.

    (b) **Recommended Offense Level.** Therefore, the parties agree to recommend to the Court a final offense level of **23** (the "**Recommended Offense Level**"). Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

6

## Agreements Relating to Sentencing

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of sixty (60) months in the custody of the Bureau of Prisons. The parties also agree that defendant will serve five (5) years on supervised release following his incarceration. Other than the agreed term of incarceration and supervised release, and the conditions specified in the next paragraph, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration and supervised release set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration and supervised release, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. Defendant understands and agrees that:

(a) Pursuant to Title 18, United States Code, Section 3583(k), he is subject to supervised release for up to life. In this case, defendant agrees to serve 5 years of supervised release after his incarceration.

(b) During supervised release, defendant will submit to sex offender evaluation and treatment as recommended by an appropriate provider who has been contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Courts.

(c) Defendant will register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school, as required by Title 18, United States

Code 2250(a).

13. Defendant agrees to pay the special assessment of $100 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Forfeiture

14. The indictment charges that defendant has subjected personal property to forfeiture, namely Tiger Systemax computer and Emachines desktop computer seized from 488 Lemont Drive, Apartment #E142, Nashville, Tennessee on or about February 22, 2006. By entry of a guilty plea to Count One of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

15. Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of this property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party in the event a third party files a claim.

16. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

8

## Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

19. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Waiver of Appellate Rights

20.    Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal the sentence described above. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal the sentence described above.

## Other Terms

21.    Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

22.    Defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

23.    Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement

is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

24. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

25. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

26. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 15th Sept.

_____
William Adam Bingham
Defendant

27. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully

11

every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 9/15/08

Caryll Alpert
Attorney for William Adam Bingham

Respectfully submitted,

Edward M. Yarbrough
United States Attorney

By: S. Carran Daughtrey

S. Carran Daughtrey
Assistant U.S. Attorney

John Webb
Deputy Chief

12